PER CURIAM
*195 Granted in part. We find the court of appeal erred in restricting relator's right, in his capacity as executor of the succession of Colleen McCalmont, to inspect the records of the limited liability companies in which Ms. McCalmont had an interest insofar as those records arose prior to the date of her death. Cf. Kinkle v. R.D.C., L.L.C. , 04-1092 (La. App. 3 Cir. 12/8/04), 889 So.2d 405 (explaining that an executor was not entitled to an accounting of distributions made after the decedent's date of death).
Accordingly, the judgment of the court of appeal is reversed in part. The case is remanded to the district court to fashion an appropriate discovery order permitting relator, as executor, to conduct discovery of the records of entities in which Colleen McCalmont had an interest, subject to the limitation that relator shall not be entitled to conduct discovery of any records which arose after the date of her death unless he is granted the rights of a member by the entities. In all other respects, the writ is denied.
Weimer, J., would grant and docket.
Hughes, J., additionally concurs and assigns reasons.